George *v.* Starrett.

## GEORGE *v.* STARRETT.

Where several depositions are taken at the same time and place, and under the same notice to the adverse party, the charge by the magistrate of thirty-four cents for "swearing and caption," upon each deposition, is proper under section 1, chapter 229 of the Revised Statutes.

A certificate by a magistrate, in a caption to depositions, that "the adverse party was legally notified a reasonable time before the taking of the depositions, but was not present," is not to be considered as *primâ facie* evidence of any proper notice to the adverse party; and when there is no other evidence of such notice, the depositions so taken will be treated as affidavits, and no costs will be allowed for them.

Under chapters 1952 and 2090, Pamphlet Laws, making parties to suits witnesses, a party who testifies, or gives his deposition to be used in his own favor upon trial, is not entitled to fees as a witness; but when such party compels his adversary to testify, or give a deposition to be used on such trial, he shall pay him the same as any other witness.

WRIT OF ERROR. A suit had been commenced and entered at the April term of the Court of Common Pleas, 1858, and continued to the October term of the same year, when judgment was rendered upon default, in which Starrett was the plaintiff, and George, this plaintiff in error, was defendant; in which judgment the plaintiff in error alleges there was manifest error. The errors assigned are (1.) That Starrett, in the original suit taxed in his bill of costs $7.98 for six depositions, of the caption of which the said George had no legal notice; (2.) That Starrett taxed $1.33 for his own deposition; and (3.) That there were eleven days' attendance taxed at $2.75, in said bill of costs, at said October term, when the court was in session only nine days.

*Murray*, for the plaintiff in error.

*Weeks*, for the defendant in error.

SARGENT, J. We find, upon an inspection of the record sent up from the Common Pleas, that there were six depositions taken by said Starrett a short time before said October term, to be used in said cause; that said Starrett's deposition was one of the six thus taken, and that the amount charged for said depositions was in all $7.98, which sum was taxed in the bill of costs against said George. We discover no error in the amount of fees paid each witness, (except Starrett), nor in the amount charged by the magistrate as his fees. He charges thirty-four cents for " swearing and caption," in case of each witness; and although there may have been a difference in practice, in different sections of the State, in regard to charging for the caption in each case, where several depositions are taken at the same time and place, and under the same notice to the adverse party, yet there can be no doubt but the rule adopted in this case was the proper one under the

George *v.* Starrett.

provisions of our statute upon that subject.    Rev. Stat., ch. 229, sec. 1; Comp. Laws 588.

The certificate of the magistrate upon the caption of each deposition is, that "the adverse party was legally notified a reasonable time before the taking of deposition, but was not present;" but there was no other evidence of such notice to the adverse party.    In other respects the captions appear unobjectionable.    The Revised Statutes (ch. 188, sec. 21) provide that "a copy of the notice, left with the adverse party, his agent or attorney, with the return of the officer or affidavit of the person leaving such notice thereon, stating the time of leaving the same, shall be annexed to the certificate of the taking thereof, when the adverse party did not attend."    Section 20 of the same chapter provides that the magistrate shall certify in the caption that the adverse party was or was not present, was or was not notified, &c.    Where the adverse party did not attend, it was not intended to be sufficient that the magistrate should certify that he was notified, but he must, by the provisions of section 21, annex to the caption the evidence of such notice, so that the court might see whether it was in all respects sufficient; thus requiring the party taking the depositions in that way to furnish the evidence as to what notice was given, how it was served, and when.    The statute being peremptory that such evidence shall accompany the caption when the adverse party did not attend, it seems to be intended that no presumptions shall be made in favor of such notice, and that the depositions are to be held to be incompetent, unless it is made affirmatively to appear, in the way provided in the statute, that such notice was given as is required.

The evidence required by law being entirely wanting in this case, the defect cannot be supplied by having the magistrate certify that the adverse party was *legally* notified a *reasonable time*, &c., because the law no where gives

George *v.* Starrett.

him the power to settle those questions, but provides that the evidence upon those points shall be presented to the court for their determination. There being, then, no competent evidence before us tending to show that sufficient notice was given to this plaintiff of the taking of said depositions, they could not have been used upon the trial, unless the objection had been waived. They were in fact like affidavits taken without notice, and could not properly have been taxed in the bill of costs against a defaulted party. *Carleton* v. *Patterson*, 29 N. H. 580.

The second error assigned is thus disposed of with the first. But we think it was well assigned as error upon other grounds. It has, so far as we know, been uniformly held to be the proper rule under the laws of 1857 and 1858, relating to witnesses, that where a party testifies in his own cause, he shall not be entitled to fees as a witness, but only as a party; but that where he compels his adversary to testify for him, he shall pay him, as he would any other witness. And although there may be some reasons which might seem to render it proper to allow a party his fees, when he gives his deposition, which would not exist when he testifies upon the stand, yet we think it best, upon the whole, to make the rule uniform, and to hold that where a party to a suit testifies, or gives his deposition, to be used in his own favor upon the trial of the cause, he shall not be entitled to fees as a witness; but where he is compelled to testify for, or give his deposition to be used by his adversary, upon the trial, he shall be entitled to the same fees which are allowed by law to other witnesses. We should, therefore, hold it erroneous to tax this item, were it not already disposed of.

Under the third assignment of errors, we find an over taxing of only twenty-five cents, as the October term of the Court of Common Pleas continued ten days. The whole amount of error in the taxation of the costs is, therefore, $8.23.

The judgment of the Court of Common Pleas must, therefore, be set aside, and a new judgment entered up, in which the amount of costs shall be $8.23 less than before ; and, if these costs have been fully paid by the plaintiff in error, he is to have a writ of restitution for said sum of $8.23, with interest, and in either event is entitled to the costs of the proceedings in error.